UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT REPORTED | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**   **(IN CHAMBERS):**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT** (filed 03/18/10)

## I.   INTRODUCTION AND BACKGROUND

On January 20, 2010, plaintiffs Tigran Topadhikyan ("Topadhikyan"), John Balian ("Balian"), Robert Parseghian ("Parseghian"), Beeny Simonzad ("Simonzad"), and Vahak Mardikian ("Mardikian"), filed suit against defendants Glendale Police Department ("Police Department"), City of Glendale ("City"), Randy Adams, Ronald DePompa, and twenty-eight other named defendants. On February 26, 2010, plaintiffs filed their first amended complaint ("FAC") against the Police Department, the City, and thirty-two other named defendants, alleging claims for: (1) discrimination on the bases of race, national origin, and ancestry in violation of the Civil Rights Act of 1866, pursuant to 42 U.S.C. § 1981 against all defendants; (2) harassment of the bases of race, national origin, and ancestry in violation of the Civil Rights Act of 1866 pursuant to 42 U.S.C. § 1981 against all defendants; (3) retaliation for complaints of discrimination and harassment on the bases of race, national origin, and ancestry in violation of the Civil Rights Act of 1866 pursuant to 42 U.S.C. § 1981 against all defendants; (4) intentional discrimination on the bases of race, national origin, and ancestry in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940(j)(1), 12940(j)(3), and 12941, against defendants Police Department and City; (5) disparate impact discrimination on the bases of race, national origin, and ancestry in violation of FEHA, Cal. Gov't Code §§ 12940(j)(1), 12940(j)(3), and 12941, against defendants Police Department and City; (6) harassment on the bases of race, national origin, and ancestry in violation of FEHA, Cal. Gov't Code §§ 12940(j)(1), 12940(j)(3),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

and 12941, against all defendants; (7) retaliation in violation of FEHA, Cal. Gov't Code § 12940(h), by plaintiff Balian against defendants Police Department and City; (8) failure to promote in violation of FEHA, Cal. Gov't Code § 12900 et seq., by plaintiffs Topadhikyan, Balian, Parseghian, and Mardikian against defendants Police Department and City; (9) failure to prevent discrimination and harassment in violation of FEHA, Cal. Gov't Code § 12940(k), by plaintiffs Topadhikyan, Balian, Parseghian, and Mardikian against defendants Police Department and City; and (10) intentional infliction of emotional distress by plaintiffs Topadhikyan, Balian, and Mardikian against defendants Police Department and City.

All five plaintiffs, who are of Armenian ancestry, were employed by the Police Department and the City of Glendale. FAC ¶ 44. Plaintiffs allege a pattern of discrimination by the Police Department and harassment of both police officers and civilians of Armenian ancestry. FAC ¶ 44. Plaintiffs further allege that all five plaintiffs likewise observed a pattern and practice of not hiring and promoting people of Armenian ancestry. FAC ¶ 44.

On March 18, 2010, defendants filed the instant motion to dismiss plaintiffs' FAC. On March 29, 2010, plaintiffs filed an opposition. A reply was filed on April 2, 2010. A hearing was held on April 26, 2010. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | | Date | April 26, 2010 |
|---|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | | |

### III. DISCUSSION

#### A. Plaintiffs' Claims under 42 U.S.C. § 1981

Section 1981 prohibits discrimination in the making and enforcement of contracts by reason of race, including color or national origin differences. See 42 U.S.C. § 1981; Ramirez v. Kroonen, 44 Fed. Appx. 212, 217 (9th Cir. 2002). The "term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981 specifically covers conduct by both private and state actors. 42 U.S.C. § 1981(c).

In plaintiffs' first, second, and third claims for discrimination, harassment, and retaliation on the basis of race, national origin, and/or ancestry pursuant to 42 U.S.C. § 1981, plaintiffs allege that "during the course of plaintiffs' employment, defendants engaged in intentional actions that resulted in plaintiffs' being treated less favorably because of their Armenian ancestry," and that "defendants showed a pattern and practice of intentional discrimination." FAC ¶¶ 313, 321, 329. Among other discriminatory practices, plaintiffs allege that they "were repeatedly denied requested transfers and promotions" by defendants, that "defendants terminated plaintiff Simonzad's employment for pretextual reasons" in 2008, and that after testifying on behalf of plaintiff Simonzad, "plaintiff Balian was demoted to patrol duty" by defendants. FAC ¶¶ 314, 322, 330.

Defendants argue that plaintiffs' first, second, and third claims brought pursuant to 42 U.S.C. § 1981 fail as a matter of law, because plaintiffs were employed by statute rather than by contract. Mot. at 2. Defendants contend that Section 1981 protects the right to "make and enforce contracts," and thus in order to maintain a claim under 1981 for employment discrimination there must be a contract of employment at issue. Id. However, defendants assert that in California, the terms and conditions of public employment are determined by statute, not by contract, and plaintiffs allege that they were employed as police officers by the City at all times relevant to the allegations in the FAC. Id. (citing Miller v. State, 18 Cal. 3d 808, 813-14 (1977)). Therefore, defendants argue that in California, such claims fail as a matter of law because the conduct alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

did not violate the right to contract under Section 1981. Id. at 3 (citing Judie v. Hamilton, 872 F.2d 919, 923 (9th Cir. 1989) (applying a three-part test derived from Burnett v. Grattan, 468 U.S. 42 (1981), to find that a public employee in the State of Washington had "no cognizable claim for violation of the right to contract under § 1981.").

Plaintiffs respond that Section 1981 applies to state and local public employers. Opp'n at 10 (citing Ihekwu v. City of Durham, 129 F. Supp. 2d 870 (M.D. N.C. 2000); Faulk v. Orlando, 731 F.2d 787 (11th Cir. 1984)). Plaintiffs further argue that defendants reliance on Judie v. Hamilton is misplaced, because the court's holding was narrowly tailored to the plaintiff's allegation that she was denied the opportunity to engage in work to which she claimed she was contractually entitled. Id. at 11.

Whether public employees in the State of California "can sue under Section 1981 is an unresolved question," because California law provides that public employment is not held by contract but by statute.[1] Peterson III v. California Department of Corrections and Rehabilitation, 451 F. Supp. 2d 1092, 1102 (E.D. Cal. 2006); Kemmerer v. County of Fresno, 200 Cal. App. 3d 1426, 1432 (1988) ("[I]t is well settled in California that public employment is not held by contract but by statute."). "[R]ecently, however, district courts in this Circuit have held that public employees [in California] should not be foreclosed from proceeding with § 1981 claims."[2] Harris v. City and County of San

---

[1] The California Supreme Court has held, however, that some aspects of a public employee's employment are nonetheless protected by the contract clause. See White v. Davis, 30 Cal. 4th 528, 564-65 (2003) (holding that a public employee has a contractual right to the payment of an earned salary).

[2] The Court recognizes that some district courts have held that because California law finds state employment to be statutory, not contractual, public employees cannot maintain claims under Section 1981. See e.g., Barefield v. California State University, Bakersfield, 2006 WL 829122 (E.D. Cal. Mar. 28, 2006); Zimmerman v. City and County of San Francisco, 2000 WL 1071830 (N.D. Cal. Jul. 27, 2000). However, the Court finds the reasoning of Harris, Byrd, Lukovsky, Peterson, and Ramirez, to be more persuasive. See e.g., Harris, 2009 WL 2421732, at * 12 ("[B]ecause there is a clear federal policy expressed in the civil rights statutes to prevent employment discrimination by governmental entities, the third part of the Burnett test, as adopted by Judie, requires

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

Francisco, 2009 WL 2421732, at * 12 (N.D. Cal. Aug. 6, 2009); see also Peterson III, 451 F. Supp. 2d at 1102; Byrd v. California Superior Court, 2009 WL 2031761, at *6-7 (N.D. Cal. Jul. 8, 2009); Lukovsky v. City and County of San Francisco, 2006 WL 436142, at *3 (N.D. Cal. Feb. 21, 2006). Furthermore, the Court finds persuasive the Ninth Circuit's unpublished decision in Ramirez v. Kroonen, 44 Fed. Appx. 212, 219 (9th Cir. 2002), that "[i]f California law is read to bar public employees from bringing denial of promotion claims, it conflicts with the Constitution and § 1981 because it restricts [a plaintiff's] ability to contract for employment." Indeed, "the conduct at issue here, [termination] and promotion, falls squarely within . . . Section 1981." Lukovsky, 2006 WL 436142, at *3 ("Even if this order agreed with defendants that no contractual rights exist for promotion or hiring for public employment under California law, however, this order must hold that a predominant federal interest mandates that California public employees have recourse to Section 1981 for discrimination relating to such conduct."). Accordingly, the Court concludes that plaintiffs may maintain their Section 1981 claims.

   B.   **Plaintiff's FEHA Claims**

      1.   **Administrative Exhaustion of Plaintiff's FEHA Claims**

Under FEHA, the aggrieved employee "must exhaust the administrative remedy provided by the statute by filing a complaint with the Department of Fair Employment and Housing" ("DFEH"), and must obtain from DFEH "a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA." Morgan, 88 Cal. App. 4th at 63 (citing Cal. Gov't Code §§ 12960). The "timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA." Id. Indeed, FEHA provides that "[n]o complaint may be filed [with DFEH] after the expiration of one year from the date upon which the alleged unlawful practice . . . occurred." Cal. Gov't Code §§ 12960(d). Furthermore, a plaintiff must commence a civil action under FEHA "within one year from the date of [DFEH's right to sue] notice." Cal. Gov't Code § 12965(b). Failure to file suit within the requisite time gives rise to a statute of limitations defense. Downs v. Dep't of Water & Power of Los Angeles, 58 Cal. App. 4th 1093, 1102 (1997).

---

that public employees be permitted to pursue § 1981 claims against their employers.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

Defendants argue that plaintiffs do not allege timely compliance with the requirement that they must exhaust the FEHA administrative process before bringing a civil action. Mot. at 3 (citing Cal. Gov't Code §§ 12960(b) & (d)). Defendants assert that any potentially actionable incidents occurred long before plaintiffs' DFEH complaints in 2010. Id. at 4. Therefore, defendants assert that plaintiffs' FEHA claims must be dismissed. Id. at 6.

Plaintiffs argue that Topadzhikyan, Balian, Mardikian, and Parseghian exhausted their administrative remedies by filing timely complaints with DFEH on February 24, 2010, and obtained right to sue letters. Opp'n at 13. Plaintiffs further argue that the FAC demonstrates defendants' repeated and continuing acts of race discrimination, retaliation, and harassment. Id.

The Court finds that plaintiffs properly alleged that Topadzhikyan, Balian, and Mardikian timely exhausted the FEHA administrative process, but concludes that Parseghian and Simonzad did not and therefore that their FEHA claims must be dismissed.[3] Topadzhikyan filed complaints with DFEH on February 25, 2010, and plaintiffs allege that he was subject to discriminatory acts within the year prior to filing the complaints with DFEH.[4] Pl. Ex. 1; FAC ¶¶ 64-111. Balian filed DFEH complaints on May 19, 2009 and February 25, 2010, and plaintiffs allege that Balian was subject to discriminatory acts within the year prior to filing the complaints.[5] Pl. Ex. 2; FAC ¶¶ 113,

---

[3] The Court takes judicial notice of plaintiffs' complaints filed with DFEH. See Pl. Exs. 1-4.

[4] For example, plaintiffs allege in the FAC that Topadzhikyan interviewed for a position on July 7, 2009, but he was not promoted due to discrimination by members of the Police Department, and instead another officer who lacked experience was promoted. FAC ¶¶ 89-91.

[5] For example, plaintiffs allege that in June 2008, Balian was demoted. FAC ¶ 161. Plaintiffs further allege that on April 24, 2009, defendant Soboleski made an inappropriate discriminatory comment to Balian; on April 30, 2009, after complaining that defendant Pressnall gave Balian "hard, unfriendly looks," Balian found saliva on his car's windshield; on November 24, 2009, defendant Higgins walked toward Balian

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

137, 154, 163. Mardikian filed complaints with DFEH on February 25, 2010, and plaintiffs allege that he was subject to discriminatory acts within the year prior to filing the complaint with DFEH.[6] Pl. Ex. 4; FAC ¶¶ 300-309. Parseghian filed complaints with DFEH on February 25, 2010, but the FAC fails to allege that he was subject to any discriminatory acts within the year prior to filing the complaint, and thus Parseghian's FEHA claims are time-barred and must be dismissed.[7] Pl. Ex. 3; FAC ¶¶ 165-186. Plaintiffs fail to allege or provide evidence that Simonzad filed any complaint with DFEH, and thus it appears that he has not exhausted his administrative remedies. Therefore, the Court dismisses Simonzad's FEHA claims.

   **2.   Continuing Violation Doctrine**

   Pursuant to the continuing violation doctrine, under FEHA "an employer is liable for actions that take place outside the limitations period if these actions are sufficiently linked to unlawful conduct that occurred within the limitations period." Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1056 (2005) (citing Richards v. CH2M Hill, 26 Cal. 4th 798, 823 (2001)).

   Defendants argue that prior to the Supreme Court's decision in Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 102 (2002), the continuing violation doctrine permitted plaintiffs to complain about an act of discrimination that would otherwise be time-barred if that act was part of a continuing series of events and the last event occurred within the statutory period. Mot. at 6 (citing Martinez v. Marin Sanitary Service, 349 F.

---

aggressively and spoke to him in a derogatory manner; and the Police Department failed to do anything about the discrimination and harassment that Balian received after Balian complained about it. FAC ¶¶ 137, 154, 163.

   [6] For example, plaintiffs allege in the FAC that Mardikian was not promoted sometime after July 8, 2009, due to the Police Department's discriminatory practices. FAC ¶¶ 300-302.

   [7] The most recent alleged discriminatory act alleged by Parseghian was in 2008, when the Police Department allegedly denied him the opportunity to be part of the air support unit. FAC ¶¶ 165-186.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

Supp. 2d 1234, 1249 (N.D. Cal. 2004)). However, defendants argue that in Morgan, the Supreme Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. at 6-7. Defendants assert that based on Morgan, plaintiffs cannot include in their FEHA claims events that occurred prior to the statutory period, and thus that their FEHA claims must be dismissed. Id. at 7. Plaintiffs respond that the continuing violation doctrine applies here, where defendants' successive acts of race discrimination, retaliation, and harassment "constitute one single, actionable, continuing violation." Opp'n at 11 (quoting Richards, 26 Cal. 4th at 823).

The Supreme Court of California has expressly declined to extend the reasoning in Morgan to claims of discrimination and retaliation, as well as harassment, under FEHA. See Yanowitz, 36 Cal.4th at 457-58 (refusing to "adopt Morgan's reasoning and limit the continuing violation doctrine to only harassment claims" under FEHA). Accordingly, the Court declines to dismiss plaintiffs' FEHA claims against the City and the Police Department based on this doctrine. The Court further concludes that the determination of whether the continuing violation doctrine applies to plaintiffs' FEHA claims against the City and the Police Department is better made on a motion for summary judgment. However, the Court finds that the continuing violation doctrine does not apply to the alleged acts of the individual defendants, as the doctrine is solely directed at "employers" and the alleged violations by each individual defendant are not sufficiently continuous. See Yanowitz, 36 Cal.4th at 1056. Accordingly, the Court dismisses the allegations against the individual defendants that occurred more than a year prior to the dates in which plaintiffs filed their complaints with DFEH.

### 3. Discrimination Claim under FEHA

In order to state a prima facie case of discrimination, a plaintiff must show: (1) that he or she is a member of a protected class; (2) he or she was qualified for the position sought or was performing competently in the position held, (3) he or she suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive. See Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 355 (2000); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

Defendants argue that plaintiffs' allegations involve trivial claims that do not constitute adverse employment actions as a matter of law, involve matters which are privileged, or fail to allege that such actions were based on plaintiffs' membership in a protected class. Mot. at 8. Therefore, defendants assert that plaintiffs' discrimination claims under FEHA fail. Id.

The Court finds that plaintiffs have sufficiently alleged facts to state a claim for relief for discrimination. All three remaining plaintiffs allege that they were either not promoted or were demoted because of their Armenian ancestry in spite of the fact that they were qualified for the positions they sought. FAC ¶¶ 156-161. Moreover, plaintiffs allege that some other circumstance, such as timing or the promotion of a less qualified non-Armenian officer, suggests a discriminatory motive. Id. Accordingly, the Court DENIES defendants' motion to dismiss Topadzhikyan, Balian, and Mardikian's discrimination claims under FEHA.[8]

### 4. Harassment Claim under FEHA

Plaintiffs claim that harassment directed toward them and other Armenians by all defendants created a hostile work environment for plaintiffs. FAC ¶¶ 363-70. In order to establish such a claim pursuant to FEHA, "the harassment complained of must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment." Aguilar v. Avis Rent a Car System, Inc., 21 Cal. 4th 121, 130-31 (1999). Plaintiffs "must prove that the defendant[s'] conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee and that [they were] actually offended." Id. "[H]arassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." Id.

Defendants argue that plaintiffs' harassment claim under FEHA fails because

---

[8] The Court does not address the merits of Simonzad and Parseghian's discrimination claim under FEHA, because the Court has already granted defendants' motion to dismiss all of Simonzad and Parseghian's FEHA claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

plaintiffs either did not experience most of the events themselves, or the events were minor and relatively trivial. Mot. at 9 (citing McRae v. Dep't of Corrections and Rehabilitation, 142 Cal. App. 4th 377, 386 (2006)). Defendants further argue that plaintiffs' allegations against each of the thirty-two individual defendants do not rise to the level of actionable harassment. Mot. at 12-13. Furthermore, defendants argue that because plaintiffs have failed to file DFEH complaints within one year of any alleged incidents involving the individual defendants, they are therefore barred from suing any of the individual defendants. Id. at 13 n.7.

The Court finds that plaintiffs have sufficiently alleged facts to state a claim for relief for harassment, and accordingly declines to dismiss plaintiffs' harassment claim on this ground. However, the Court finds that plaintiffs' allegations against each of the thirty-two individual defendants do not rise to the level of actionable harassment during the one year period before plaintiffs filed their DFEH complaints. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' sixth claim against all individual defendants, but DENIES defendants' motion to dismiss plaintiff's sixth claim against the City and the Police Department.

### 5. Plaintiffs' Disparate Impact Claim

Plaintiffs allege that during their employment, defendants "engaged in actions that had a negative impact on the treatment of employees of Armenian ancestry." FAC ¶ 350. To prevail on a theory of disparate impact discrimination, plaintiffs must demonstrate "that regardless of motive, a facially neutral employer practice or policy, bearing no manifest relationship to job requirements, in fact had a disproportionate adverse effect on members of the protected class." Guz, 24 Cal. 4th at 354 n.20.

Defendants argue that plaintiffs have not alleged facts sufficient to support a claim of disparate impact, and instead contend that the facts in the FAC confirm that plaintiffs have received promotions and favorable assignments. Mot. at 13. Plaintiffs respond that they alleged facts sufficient to support this claim, including their allegation that in 2005 when Topadzhikian took the November 2005 lieutenant's exam, the only officers who passed the promotion test were six male Caucasians. Opp'n at 15 (citing FAC ¶¶ 55-56). Plaintiffs further allege that in 2009 when Mardikyan finally made the lieutenants' list as one of the candidates in the top three and despite the "rule of three," Mardikian was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

denied the promotion while the other two candidates were promoted. Id.

The Court finds that plaintiffs have not set forth any facts to show that Balian can make out a claim for disparate impact against defendants. Furthermore, it does not appear from the facts set forth in the FAC that the alleged disproportionate adverse affects on Topadzhikian and Mardikian in 2005 and 2009 respectively were caused by a "facially neutral employer practice or policy, bearing no manifest relationship to job requirements." Guz, 24 Cal. 4th at 354 n.20. Instead, plaintiffs appear to allege disparate *treatment*, which is "intentional discrimination against one or more persons on prohibited grounds."[9] Id. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' fifth claim for disparate impact.

### 6. Plaintiffs' Ninth Claim for Failure to Prevent Discrimination and Harassment

Defendants argue that if the Court agrees to dismiss plaintiffs' harassment and discrimination claims, that it should also dismiss plaintiffs' claim for failure to prevent discrimination and harassment. Mot. at 14. Because the Court declined to dismiss plaintiffs' harassment and discrimination claims, it also DENIES defendants' motion to dismiss plaintiffs' ninth claim for failure to prevent discrimination and harassment.

### 7. Privileged Incidents

Defendants argue that they are immune from liability from some of the factual allegations in the FAC because they involve privileged conduct pursuant to Cal. Gov't Code § 821.6, including defendants' complaints to internal affairs regarding alleged misconduct by plaintiffs, investigation of complaints, and alleged failure to transfer

---

[9] Moreover, the continuing violation doctrine does not apply here, because neither Topadzhikian nor Mardikian allege a continuing series of events in which they were adversely affected. Therefore Topadzhikian's claim would be time-barred pursuant to FEHA as the only allegation involving him occurred in 2005.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

plaintiffs to preferred assignments.[10] Mot. at 14-15. Plaintiffs respond that public employees are only protected from liability by § 821.6 when the alleged wrongful acts are within the scope of their employment, and here defendants were not acting within the scope of their employment. Opp'n at 16 (citing Tur v. City of L.A., 51 Cal. App. 4th 897, 904 (1996).

The Court construes defendants' arguments regarding immunity from liability as a motion to strike offending allegations from the FAC pursuant to Fed. R. Civ. Pro. 12(f). Motions pursuant to Fed. R. Civ. Pro. 12(f) "are generally disfavored, because they are "so often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Bureerong, 922 F. Supp. at 1478. In a 12(f) motion, the Court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Id. The Court finds that the allegations at issue do not contain redundant, immaterial, impertinent, or scandalous matter. See id. Rather, the legal merit of all of these arguments is better addressed on a motion for summary judgment. Accordingly, the motion to strike factual allegations in the FAC because they involve privileged conduct is DENIED.

### C. Plaintiff's Tenth Claim for Intentional Infliction of Emotional Distress

Under the California Torts Claim Act, before filing a civil complaint for money damages plaintiffs must submit a formal tort claim to the relevant public entity within six months of the date of accrual. Cal. Gov't Code §§ 905, 910, 911.2, 912.4, 912.8, 920,

---

[10] Government Code § 821.6 states, "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. "A supervisor's conducting of an investigation and initiating formal disciplinary proceedings against a public employee fall within the scope of an 'administrative proceeding' and are immune from liability." Harmston v. City and County of San Francisco, 2007 WL 2814596, at *3 (N.D. Cal. Sept. 25, 2007) (citing Kemmerer v. County of Fresno, 200 Cal. App. 3d 1426, 1436-37 (1988). Furthermore, "[t]hough section[] 821.6 . . . expressly immunize[s] only the employee, if the employee is immune, then so is the [city]." Kemmerer, 200 Cal. App. 3d at 1435.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

and 945.4. To prevail on an IIED claim, plaintiffs must show: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991).

Defendants argue that Mardikian has failed to comply with the claims requirements in the California government code, because his claim was denied on August 22, 2007, and any litigation was required to be filed within six months of that denial. Mot. at 17 (citing Cal. Gov't Code § 913 and § 945.6). Defendants further argue that Topadzhikyan and Balian failed to submit the required tort claim within six months of accrual of their claims, and therefore the IIED claim for these plaintiffs must be dismissed. Id. Defendants further argue that plaintiffs' IIED claims are improper because workers' compensation is plaintiffs' exclusive remedy. Id. (citing Miklosy v. Regents of Univ. of Cal., 44 Cal. 4th 876, 902-03 (2008)). Finally, defendants argue that plaintiffs have failed to set forth facts sufficient to establish the required elements of an IIED claim. Id. at 18-19.

Plaintiffs argue that the FAC alleges that they "filed a timely tort claim with the City of Glendale and received a notice of rejection of [their] claim[s]." Opp'n at 17. Plaintiffs assert that per the continuing violations doctrine, their tort claims are timely. Id. Plaintiffs further argue that workers' compensation is not the exclusive remedy for injury resulting from discriminatory conduct. Id. at 18 (citing Jones v. Los Angeles Comm. College Dist., 198 Cal. App. 3d 794, 802 (1988); Cabesuela v. Browning-Ferris Indus. of Cal., Inc., 68 Cal. App. 4th 101, 113 (1998)). Finally, plaintiffs argue that illegal conduct such as harassment in the workplace, retaliation, and discrimination all satisfy the "outrageous conduct" requirement of an IIED claim, and thus that plaintiffs have properly alleged an IIED claim.

The Court finds that Mardikian has not timely complied with the California Torts Claim Act, because he received notice of rejection of his tort claim for damages from the City of Glendale on November 1, 2006, but the complaint in the instant action was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

filed within six months of the notice.[11] Furthermore, his tort claim did not include damages for an IIED claim for racial discrimination, and instead involved complaints regarding disability discrimination. Accordingly, Mardikian's IIED claim must be dismissed. However, it appears that Topadzhikyan and Balian timely filed their tort claims on November 4, 2009 and May 22, 2009, respectively, within six months of the accrual of their claims.[12]

The Court further finds that workers' compensation is not the exclusive remedy for plaintiffs' IIED claim, because "where, as here, a plaintiff's emotional distress claim is premised upon his employer's violation of a fundamental public policy of this state, such misconduct lies outside of the exclusive remedy provisions of the Labor Code." Cabesuela, 68 Cal. App. 4th at 113; see also Leibert v. Transworld Systems, Inc., 32 Cal. App. 4th 1693, 1707 (1995) ("Employment discrimination, whether based upon sex, race, religion or sexual orientation, is invidious and violates a fundamental public policy of this state."). Finally, the Court finds that for purposes of a motion to dismiss, Topadzhikyan and Balian have alleged facts sufficient to state a claim for relief on their IIED claim.

In accordance with the foregoing, the Court GRANTS defendants' motion as to plaintiff Mardikian's IIED claim, but DENIES defendants' motion with respect to

---

[11] The Court takes judicial notice of Mardikian's denial letter from the City of Glendale dated November 1, 2006, because it is a matter of public record. See Ex. 9. While defendants assert that Mardikian received an additional denial letter on August 22, 2007, no evidence of this letter has been submitted by either party. However, the Court's conclusion that Mardikian is time-barred from filing his IIED claim would not change had this letter been submitted to the Court, as plaintiffs' complaint was filed more than six months after August 22, 2007.

[12] For example, plaintiffs allege in the FAC that on June 28, 2009, Topadzhikyan was denied a transfer despite his qualifications, and that he interviewed for another position on July 7, 2009, but was not promoted due to discrimination by members of the department. FAC ¶¶ 89-91. Plaintiffs further allege in the FAC that Balian was subject to discriminatory remarks and actions by police department members in April 2009 in retaliation for making complaints regarding discrimination. FAC ¶¶ 137, 154, 163.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHILKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

plaintiffs Topadzhikyan and Balian's IIED claim.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part defendants' motion to dismiss the FAC with leave to amend. Plaintiffs shall file an amended complaint curing the defects noted herein within thirty (30) days after the filing of this order. Plaintiffs are admonished that in the event that plaintiffs do not amend their complaint within thirty (30) days, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

                                                                                                                                                                 : 

Initials of Preparer