UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **(IN CHAMBERS): DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** (filed 05/25/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing date of July 12, 2010, is hereby vacated and the matter is hereby taken under submission.

**I.    INTRODUCTION AND BACKGROUND**

On January 20, 2010, plaintiffs Tigran Topadzhikyan, John Balian, Robert Parseghian, Benny Simonzad, and Vahak Mardikian filed suit against defendants Glendale Police Department ("Police Department"), City of Glendale ("City"), and thirty-two other named defendants. On May 25, 2010, plaintiffs filed their second amended complaint ("SAC") against the Police Department, the City, and thirty-six individually named defendants, alleging claims for: (1) discrimination on the bases of race, national origin, and ancestry in violation of the Civil Rights Act of 1866, pursuant to 42 U.S.C. § 1981 against all defendants; (2) harassment of the bases of race, national origin, and ancestry in violation of the Civil Rights Act of 1866 pursuant to 42 U.S.C. § 1981 against all defendants; (3) retaliation for complaints of discrimination and harassment on the bases of race, national origin, and ancestry in violation of the Civil Rights Act of 1866 pursuant to 42 U.S.C. § 1981 against all defendants; (4) intentional discrimination on the bases of race, national origin, and ancestry in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940(j)(1), 12940(j)(3), and 12941, against defendants Police Department and City; (5) harassment on the bases of race, national origin, and ancestry in violation of FEHA, Cal. Gov't Code §§ 12940(j)(1),

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

12940(j)(3), and 12941, against all defendants; (6) retaliation in violation of FEHA, Cal. Gov't Code § 12940(h), by plaintiffs Topadzhikyan, Balian and Mardikian against defendants Police Department and City; (7) failure to promote in violation of FEHA, Cal. Gov't Code § 12900 *et seq.*, by plaintiffs Topadzhikyan, Balian, Parseghian, and Mardikian against defendants Police Department and City; (8) failure to prevent discrimination and harassment in violation of FEHA, Cal. Gov't Code § 12940(k), by plaintiffs Topadzhikyan, Balian, Parseghian, and Mardikian against defendants Police Department and City; (9) intentional infliction of emotional distress by plaintiffs Topadzhikyan and Balian against defendants Police Department and City; (10) discrimination and retaliation involving race and national origin in violation of the Civil Rights Act of 1964 pursuant to 42 U.S.C. §§ 2000e *et seq.* by plaintiffs Topadzhikyan, Balian, Parseghian, and Mardikian against defendants Police Department and City; and (11) harassment on the bases of race and national origin in violation of the Civil Rights Act of 1964 pursuant to 42 U.S.C. §§ 2000e *et seq.* by plaintiffs Topadzhikyan, Balian, Parseghian, and Mardikian against defendants Police Department and City.

All five plaintiffs, who are of Armenian ancestry, were employed by the Police Department and the City of Glendale. SAC ¶ 48. Plaintiffs allege a pattern of discrimination by the Police Department and harassment of police officers and civilians of Armenian ancestry. SAC ¶ 48. Plaintiffs further allege that all five plaintiffs likewise observed a pattern and practice of not hiring and promoting people of Armenian ancestry. SAC ¶ 48.

On June 8, 2010, defendants filed the instant motion to dismiss plaintiffs' SAC. On June 18, 2010, plaintiffs filed an opposition. Defendants filed a reply on June 28, 2010. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Fed. R. Evid. 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

As a general matter, defendants argue that the Police Department must be dismissed as a defendant in all claims because it is a division within the City and thus is not an independent legal entity.[1] Mot. at 3 (citing Luke v. Abbott, 954 F. Supp. 202, 203 (C.D. Cal. 1997)). The Court agrees with defendants and hereby GRANTS defendants' motion to dismiss the Police Department as a defendant for all claims. See Sanders v. Aranas, 2008 U.S. Dist. LEXIS 6402, *5-6 (E.D. Cal. 2008) (dismissing the Fresno Police Department in a civil rights action because it is a subdivision of the City of Fresno).

#### A. Plaintiffs' Claims Pursuant to 42 U.S.C. § 1981

Section 1981 prohibits discrimination in the making and enforcement of contracts by reason of race, national origin, or ancestry. See 42 U.S.C. § 1981; Ramirez v. Kroonen, 44 Fed. Appx. 212, 217 (9th Cir. 2002). The "term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Courts have interpreted this language to reach a broad set of circumstances, including situations in which "racial discrimination impairs an existing contractual relationship." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006); see also Evans v. McKay, 869 F.2d 1341, 1344-45 (9th Cir. 1989) (reversing

---

[1] Defendants also argue that the Title VII claims and the four new individual defendants must be stricken because their addition was not authorized by the Court's April 26, 2010 order granting plaintiffs leave to amend. Mot. at 2. Plaintiffs respond that the amendments are permissible because the "Court granted leave to amend without limitation." Opp'n at 4. The Court notes defendant's request, but declines to strike the new claims and defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

lower court's dismissal of plaintiff's § 1981 claim when plaintiffs alleged that defendants, an Indian tribe and tribe officials and agents, ordered their employees not to do business with plaintiffs and said that "whites have no rights on the reservation."); Hall v. Pa. State Police, 570 F.2d 86, 91 (3d Cir. 1978) ("Racially motivated misuse of governmental power falls with the ambit of [§ 1981's] 'equal benefit' and 'like punishment' clauses."); Mahone v. Waddle, 564 F.2d 1018, 1028 (3d Cir. 1977) ("Section 1981 has broad applicability beyond the mere right to contract.").

 To establish a claim under § 1981, a plaintiff must show the following three elements: (1) the plaintiff is a member of a racial or ethnic minority; (2) the defendant(s) intentionally discriminated against the plaintiff because of race, ethnicity or national origin; and (3) the discrimination concerned one or more activities enumerated in the statute. Jeffery v. Home Depot U.S.A., Inc., 90 F. Supp. 2d 1066, 1069 (S.D. Cal. 2000); Thomas v. St. Luke's Health Sys., 869 F. Supp. 1413, 1432 (N.D. Iowa 1994). Further, a plaintiff must allege that the racial or ethnic enmity goes beyond a few isolated incidents or that the isolated incidents of racial or ethnic enmity were so severe that they created a hostile working environment. Witt v. Roadway Express, 136 F.3d 1424, 1432 (10th Cir. 1998) (affirming dismissal of plaintiff's § 1981 claim when the complaint alleged two incidents over a two-year period in which the allegedly racist comments were not made directly to plaintiff but to another employee while plaintiff was within earshot); Evans, 570 F.2d at 91.

 In plaintiffs' first, second, and third claims for discrimination, harassment, and retaliation on the basis of race, national origin, and ancestry pursuant to § 1981, plaintiffs allege that "during the course of plaintiffs' employment, defendants engaged in intentional actions that resulted in plaintiffs being treated less favorably because of their Armenian ancestry," and that "defendants showed a pattern and practice of intentional discrimination." SAC ¶¶ 358, 366, 374. Among other discriminatory practices, plaintiffs allege that defendants "repeatedly denied requested transfers and promotions," unfairly demoted plaintiffs, and issued reprimands and internal affairs investigations to plaintiffs over the same kinds of issues for which non-Armenian officers were not disciplined. SAC ¶¶ 359, 367, 375. Plaintiffs also allege that defendants made specific comments demonstrating animosity toward Armenians, including the following: a Board of Equalization agent told Topadzhikyan that "Armenian women have descended from cows"; a Los Angeles Sheriff's Department instructor insinuated that Armenian women

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

smelled like cows; Topadzhikyan and Mardikian were both told that they would be watched because they were Armenian; and defendants made offensive comments about the events known as the "Armenian Genocide." SAC ¶¶ 359, 367, 375.

Defendants argue that plaintiffs' claims brought pursuant to § 1981 fail as a matter of law because plaintiffs do not allege that "any of the individually named defendants interfered with any plaintiffs' right to 'make and enforce contracts, to sue, be [a party], give evidence, and to the full and equal benefits of all laws,'" as required by the statute.[2] Mot. at 5. Defendants contend that plaintiffs allege only isolated incidents, which do not refer to plaintiffs' race, national origin or ancestry, and these incidents were "minor, relatively trivial" and insufficient to state a claim under § 1981. Id. (citing to Evans, 869 F.2d at 1344; Thomas, 869 F. Supp. at 1413).

Plaintiffs respond that claims pursuant to § 1981 are not limited to interference with the right to make contracts, but include a broader range of activities, including interference with the "benefits, terms and conditions of the contractual relationship."[3] Opp'n at 12 (quoting 42 U.S.C. § 1981(b)). Plaintiff argues that the statute thus encompasses any "racially motivated misuse of governmental power," including the alleged discrimination against plaintiffs. Id. at 13 (quoting Hall, 570 F.2d at 91; also citing to Johnson v. Railway Express Agency, 421 U.S. 454, 460 (1975); Lauture v. Int'l Bus. Mach. Corp., 216 F.3d 258, 261 (2d Cir. 2000)).

Defendants reply that plaintiffs have failed to allege any intentional discrimination,

---

[2] Defendants also reiterate the argument made in their first motion to dismiss, contending that plaintiffs cannot bring a § 1981 claim because they are employed by statute rather than by contract. Mot. at 9-11. Because the Court concluded in its April 26, 2010 order that plaintiffs were not barred from bringing the § 1981 claims due to their status as statutory employees, the Court declines to address this argument further.

[3] Plaintiffs also argue that defendants are barred from bringing the instant defense because they did not bring it in their original motion, thus waiving the defense pursuant to Fed. R. Civ. P. 12(g). Opp'n at 10. Since a 12(b)(6) motion is not waived by omission, the Court concludes that defendants have not waived their right to bring the instant defense. See Fed. R. Civ. P. 12(h).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

but rather only intentional acts that are not discriminatory in nature. Reply at 6. Further, defendants appeal to Cal. Gov't Code § 815.2(a), which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee . . . ." Id. at 3. Defendants seem to conclude that the code provides that, in such situations, only the public entity may be sued and thus the individual defendants must be dismissed.[4] Id.

  The Court finds that plaintiffs have alleged facts sufficient to state a claim under § 1981 against the City and the following individual defendants: Randy Adams, Michael J. Rock, Mark Distaso, Gary Montecuollo, Kim Lardie, and James Woody. It is undisputed that plaintiffs, as Armenian-Americans, are members of an ethnic minority. See SAC ¶ 48; Mot. at 1. Plaintiffs have also alleged specific incidents in which employees of the Police Department made comments directed at plaintiffs because of their Armenian heritage, demoted or refused to promote plaintiffs, and verbally harassed and insulted plaintiffs. SAC ¶¶ 48-354. In regard to the specifically named defendants, plaintiffs make the following allegations, among others: Adams, as police chief, fostered a discriminatory atmosphere by refusing to respond to complaints, engaged in favoritism toward non-Armenian employees, demoted plaintiffs, and instigated unmerited internal affairs investigations against them, SAC ¶¶ 68, 82, 132, 154, 261; Rock unfairly demoted plaintiffs, misused the evaluation and investigation system to block plaintiffs' promotions, engaged in favoritism, and swore at plaintiffs, SAC ¶¶ 79-80, 321-22, 331-35; Distaso recommended harsher reprimands for Armenian officers than for others, gave plaintiffs negative reviews and started internal affairs investigations to block future promotions, and, when discussing hiring Armenians, said, "Fuck them. Forget them. We just have to show that we are trying to hire them," SAC ¶¶ 56-58, 252-56, 261; Montecuollo tried to block plaintiff Mardikian's promotion by giving him bad evaluations, illegally modified an evaluation form in order to give Mardikian a bad

---

  [4] Defendants also argue that the individual defendants are being sued only in their official capacity, and therefore it is "neither necessary nor appropriate" to include them in the action, since the City remains a party. Because the plaintiffs do not appear to be suing defendants only in their official capacity, the Court declines to dismiss the defendants on this basis. SAC ¶¶ 8-43.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

review, and instigated a groundless internal affairs investigation against him, SAC ¶¶ 253-57; Lardie wrote plaintiffs up for groundless reasons on six occasions, denied plaintiffs' work requests, gave plaintiffs negative evaluations, and unfairly took away plaintiffs' privileges, SAC ¶¶ 57, 208-10, 214, 268; Woody failed to respond to complaints, blocked plaintiffs' promotions, engaged in favoritism, and gave plaintiffs negative reviews.[5] SAC ¶¶ 247-48. The Court concludes that these activities, if true, could support a conclusion that defendants intentionally discriminated against plaintiffs

---

[5] The Court finds that the allegations against the other individually named defendants do not give rise to a claim pursuant to § 1981 because the allegations are of isolated incidents spanning several years that were not individually sufficiently severe that they interfered with plaintiffs' employment. The allegations against the dismissed defendants are as follows: Ronald DePompa (failed to respond to complaints); Raymond Edey (failed to respond to complaints); Kirk Palmer (gave unwarranted written reprimand and was rude to plaintiffs); Brian Cohen (engaged in favoritism); Ian Grimes (involved in issuing plaintiff an unmerited suspension); Stewart Brackin (proposed harsh discipline); John Schmidt (filed retaliatory complaint against Topadzhikyan); Jon Perkins (rude to Balian and barred him from having an attorney present in a meeting); Stephan Davey (failed to respond to complaints); Thomas Lorenz (made rude comments to plaintiffs and failed to take reports of threats against plaintiffs seriously); Peter Pressnall (gave Balian intimidating looks and insulted Simonzad); David Higgins (was hostile toward Topadzhikyan); Keith Soboleski (made offensive comments); Arthur Frank (made derogatory comments); Lief Nicolaisen (failed to respond to complaints); Carl Povilaitis (made condescending comments); Stephen Robertson (denied transfer); David Buckley (present for plaintiffs' meetings with other defendants); James Starbird (received email from other defendants); Pete Michael (coerced Mardikian into signing performance improvement plan); Matthew Doyle (failed to provide report to plaintiff); Monika Fischer (involved in conversations between plaintiffs and other defendants); Thomas Malooley (delayed Mardikian's return to work after an injury); Steve Carey (involved in a derogatory conversation with plaintiffs); Keith James (made rude comments); Lisa Close (delayed Mardikian's return to work); Rodney Brooks (made
rude and threatening comments); and Robert William (filed complaint against Mardikian
(footnote 5 continued)
for denying him requested days off). See SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

based on their ethnicity, interfered with plaintiffs' ability to enjoy the benefits of their employment, and misused their governmental power. See Domino's Pizza, 546 U.S. at 474; Evans, 869 F.2d at 1344-45; Hall, 570 F.2d at 91. The Court further concludes that Cal. Gov't Code § 815.2(a) does not operate to bar public employees' individual liability but instead allows plaintiffs to bring a claim against the public entity in addition to or instead of the individual employee. See Cal. Gov't Code § 820 ("[A] public employee is liable for injury caused by his act or omission to the same extent as a private person."); Ronald S. v. County of San Diego, 16 Cal. App. 4th 887, 892 (1993) ("[G]overnment employees are liable for their own torts."). The Court thus DENIES defendants' motion to dismiss plaintiffs' first, second, and third claims for discrimination, harassment, and retaliation pursuant to § 1981 against the City and the defendants named above and GRANTS the motion against the other named defendants.

### B. Plaintiffs' Claims under FEHA

#### 1. Timeliness of Plaintiff Parseghian's FEHA Claims

Under FEHA, the aggrieved employee "must exhaust the administrative remedy provided by the statute by filing a complaint with the Department of Fair Employment and Housing" ("DFEH"), and must obtain from DFEH "a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA." Morgan v. Regents of the Univ. of California, 88 Cal. App. 4th 52, 63 (2000) (citing Cal. Gov't Code § 12960). FEHA provides that "[n]o complaint may be filed [with DFEH] after the expiration of one year from the date upon which the alleged unlawful practice . . . occurred." Cal. Gov't Code § 12960(d). Furthermore, a plaintiff must commence a civil action under FEHA "within one year from the date of [DFEH's right to sue] notice." Cal. Gov't Code § 12965(b). Failure to file suit within the requisite time gives rise to a statute of limitations defense. Downs v. Dep't of Water & Power of Los Angeles, 58 Cal. App. 4th 1093, 1102 (1997).

On April 26, 2010, this Court dismissed both Simonzad and Parseghian's FEHA claims for failure to timely exhaust administrative remedies. Accordingly, plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

dismissed Simonzad from the FEHA claims.[6] Arakelian Decl. ¶ 4. Parseghian, however, remained a party to the FEHA actions, which relate to his failure to receive a position in the air support unit in the summer of 2008. SAC ¶¶ 181-82. Parseghian alleges that in a January 13, 2010 conversation with another Police Department employee, he learned that defendant Robertson asked another officer, Juan Chavez, to apply for a position in the air support unit because Robertson "did not like" Parseghain. SAC ¶ 191.

Defendants argue that, pursuant to the Court's April 26, 2010 order, Parseghian's claim must be dismissed because he has not alleged new facts to establish that he timely exhausted the administrative process. Mot. at 2-3.

Plaintiffs respond that Parseghian's DFEH complaint, filed on February 25, 2010, was timely because he alleges that he did not learn of the discrimination until the January 2010 conversation. Opp'n at 5. Plaintiffs argue that pursuant to the "delayed discovery rule," the statute of limitations on Parseghian's claim did not begin to run until January 2010, when he knew or had reason to know of defendants' misconduct. Id. (citing Olson v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004); Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990) ("It is not the date on which the wrong that injures the plaintiff occurs, but the date—often the same, but sometimes later—on which the plaintiff discovers that he has been injured.")).

The Court finds that Parseghian's FEHA claim must be dismissed because he failed to file a timely claim with DFEH. The delayed discovery rule serves to extend Parseghian's claim only to a year after he learned of the injury, i.e., in 2008 when his requested transfer was denied. See United States v. Kubrick, 444 U.S. 111, 123-24 (1979) (holding that the statute of limitations on a plaintiff's claim begins to run when he becomes aware of the injury, not when he becomes aware that the conduct was wrongful or actionable); Olsen, 363 F.3d at 927 (holding that the statute of limitations on plaintiff's

---

[6] The second amended complaint erroneously states that all plaintiffs are parties to the fifth claim, for harassment pursuant to FEHA. See SAC at 84:11-16. However, this statement is due to a clerical error, and Simonzad is not in fact a party to the fifth cause of action. Arakelian Decl. at ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

claim began to run when she was notified that her application for license reinstatement was denied). Accordingly, the Court hereby GRANTS defendants' motion to dismiss Parseghian's FEHA claims with prejudice.

### 2. Harassment Claim under FEHA

FEHA makes it unlawful for an employer in California to discriminate against individuals in decisions on hiring, training, and discharge, or "to discriminate . . . in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code 12940(a). In order to establish a harassment claim pursuant to FEHA, "the harassment complained of must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment." Aguilar v. Avis Rent a Car System, Inc., 21 Cal. 4th 121, 130-31 (1999). Plaintiffs "must prove that the defendant[s'] conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee and that [they were] actually offended." Id. Furthermore, "harassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." Id.; see also Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) ("[S]imple teasing . . . , offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"); Hardage v. CBS Broad. Inc., 427 F.3d 1177, 1189 (9th Cir. 2005).

On April 26, the Court dismissed plaintiffs' FEHA harassment claims against all individual defendants because it found that plaintiffs' allegations against them did not rise to the level of actionable harassment during the one year period before plaintiffs filed their DFEH complaints. Plaintiffs subsequently amended their complaint, alleging harassment for the period after plaintiffs filed DFEH complaints in February 2010. SAC at 84:11-16. Among other allegations for that period, plaintiffs allege that Balian was admonished for being 3.25 hours short on his vacation leave, even though employees are normally allowed to use "comp hours" to make up the difference in time; defendant Higgins gave Balian hard and intimidating looks; defendant Anderson sent Mardikian sarcastic, rude, derogatory, and harassing emails, and approached Mardikian in his cubicle to argue with him; and defendant Brooks stated, "If I had a grenade, I would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

throw it in [Mardikian's] cubicle."[7]  SAC ¶¶ 173, 176, 333-35, 339.

Defendants argue that plaintiffs' allegations against each of the individual defendants do not rise to the level of actionable harassment during the period after plaintiffs filed their DFEH claims. Mot. at 4. Accordingly, defendants argue that the harassment claim against the individual defendants pursuant to FEHA must be dismissed. Id. Plaintiffs respond that they have cured the defects that the Court noted in the April 26, 2010 order, and the "panoply of facts" alleged in the SAC support a FEHA claim. Opp'n at 10. Defendants reply that the incidents alleged to have taken place after February 2010 are limited, unrelated to plaintiff's national origin or ancestry, and do not address issues protected by FEHA. Reply at 5.

The Court finds that plaintiffs have not sufficiently alleged facts to state a claim against the individual defendants for relief for harassment pursuant to FEHA for the period after February 2010. See Hardage, 427 F.3d at 1180-83, 1189 (holding that plaintiff's sexual harassment claim under FEHA failed when defendant flirted with plaintiff, made inappropriate sexual comments to plaintiff on several occasions and put her arms around plaintiff). The Court finds, however, that the incidents overall are sufficient to state a claim against the City. See Aguilar, 21 Cal. 4th 126, 130-31 (finding a FEHA violation when defendants singled out Latino employees by harassing, insulting, and demeaning them, and by conducting unwarranted investigations against them). Accordingly, the Court GRANTS defendants motion to dismiss plaintiff's fifth claim for harassment pursuant to FEHA against the individual defendants, but DENIES the motion in regards to the claim against the City.

### C. Plaintiffs' Claims Pursuant to Title VII, 42 U.S.C. § 2000e

In their tenth and eleventh claims, plaintiffs Topadzhikyan, Balian, Parseghian, and Mardikian allege violations of 42 U.S.C. §§ 2000e *et seq.* for discrimination, retaliation, and harassment against the Police Department and the City. SAC at 96:1-7; 99:1-6. Pursuant to § 2000e, employers cannot "discriminate against any individual with respect

---

[7] For most of the thirty-two defendants, plaintiffs make no allegations for the relevant period. See SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

to his compensation, terms, conditions, or privileges of employment, . . . [or] limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2). The standard for actionable discrimination pursuant to § 2000e is similar to the standard applied for claims pursuant to § 1981. The statute is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment . . . ." Harris v. Forklift Sys., 510 U.S. 17, 21 (1993) (internal quotations omitted). To determine whether a workplace environment is sufficiently hostile or abusive to state a claim for discrimination and harassment, courts look at "all the circumstances, . . . including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating . . . and whether it unreasonably interferes with an employee's work performance." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270 (2001) (internal quotations omitted). In regard to claims for retaliation, an employer's actions support a claim if they are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 56 (2006).

Further, to sustain a claim pursuant to § 2000e, a plaintiff must file charges within 180 days after the alleged wrongful employment conduct occurred. 42 U.S.C. § 2000e-5(e)(1). If the plaintiff has "initially instituted proceedings with a state or local agency . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e-5(e)(1).

Defendants argue that all the individually named defendants must be dismissed from the § 2000e claims because Title VII cannot be pled against individual defendants. Mot. at 4 (citing Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587 (9th Cir. 1993)).[8]

---

[8] Plaintiffs respond that their Title VII claims are brought against "[d]efendants Police Department and City *only*." Opp'n at 10 (citing SAC at 86:6-7, 99:5-6). The Court concludes that because plaintiffs bring their Title VII claims solely against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

Defendants further argue that plaintiffs' claims against the City must be limited to the incidents that occurred on or after November 6, 2009, which is 180 days prior to their May 5, 2010 filing of the administrative charge with the Equal Opportunity Employment Commission ("EEOC"). Mot. at 6. Moreover, defendants argue that all § 2000e claims must be dismissed because plaintiffs have alleged no violations on or after November 6, 2009, as the allegations for that time period are of isolated incidents that are unrelated to plaintiffs' race or national origin. Id. at 7-8.

Plaintiffs respond that pursuant to 42 U.S.C. § 2000e-5(e)(1), the appropriate period is within 300 days of filing the EEOC charge on May 5, 2010. Opp'n at 16. Plaintiffs thus argue that "the Title VII claims can be supported by all related events that occurred on or after July 9, 2009." Id. Plaintiffs further argue that the conduct alleged after July 9, 2009 is actionable under § 2000e. Id. Plaintiffs point to the following allegations of defendants' conduct that occurred on or after July 9, 2009, to support their contention: plaintiffs were denied promotions and transfers for which they were qualified; plaintiffs were subjected to aggressive and demeaning behavior; plaintiffs received groundless reprimands; defendants threatened plaintiffs; and defendants ignored plaintiffs' complaints. Id. at 16-18.

Defendants reply that even when looking at the 300 day period, the allegations for the relevant period are not independently discriminatory and do not involve plaintiffs' national origin, race and/or ancestry. Reply at 7.

The Court finds that the appropriate reading of 42 U.S.C. § 2000e-5(e)(1) allows plaintiffs to state a claim for incidents that occurred within 300 days of filing the EEOC charges on May 5, 2010, because they had previously filed charges with DFEH, the state agency. See 42 U.S.C. § 2000e-5(e)(1). Thus, plaintiffs' claims are limited to incidents that occurred on or after July 9, 2009. The Court further concludes that, if true, the allegations by Topadzhikyan, Balian, and Mardikian for the period after July 9, 2009 could support a conclusion that defendants discriminated against plaintiffs based on their heritage and created an abusive working environment because of plaintiffs' ancestry. See

---

Police Department and the City, there is no need to dismiss the individually named defendants from the Title VII claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-387 CAS (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | TIGRAN TOPADZHIKYAN; ET AL. v. GLENDALE POLICE DEPARTMENT; ET AL. | | |

Harris, 510 U.S. at 18, 21 (finding a violation of § 2000e when defendant employer frequently made insulting and sexist comments to plaintiff in front of other employees and made inappropriate sexual advances against her). However, the Court finds that Parseghian has failed to state a claim in the relevant period, because the only discriminatory conduct he alleges occurred in 2008. See SAC ¶¶ 177-98. Furthermore, the Court finds that plaintiffs have not alleged retaliatory conduct within the relevant period, and therefore plaintiffs' claim for retaliation must be dismissed. See SAC ¶¶ 164, 444. Thus, the Court DENIES defendants' motion to dismiss plaintiff Topadzhikyan, Balian, and Mardikian's tenth and eleventh claims for discrimination and harassment pursuant to 42 U.S.C. §§ 2000e *et seq.*, and GRANTS defendants' motion to dismiss Parseghian's claims and claims for retaliation by all plaintiffs.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS in part and DENIES in part defendants' motion to dismiss the SAC without leave to amend.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |