UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 10-0387-JST (SSx)                                             Date:  August 4, 2011
Title:  Tigran Topadzhikyan, et al. v. Glendale Policy Department, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Ellen Matheson                                         N/A
    Deputy Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                         Not Present

**PROCEEDINGS:** (IN CHAMBERS)  ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF GLENDALE'S MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST PLAINTIFF ROBERT PARSEGHIAN (Doc. 122); AND (2) DENYING DEFENDANT CITY OF GLENDALE'S MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST PLAINTIFFS TIGRAN TOPADZHIKYAN, JOHN BALIAN, ROBERT PARSEGHIAN, BENNY SIMONZAD, AND VAHAK MARDIKIAN (Doc. 121)

      The Court has set forth the allegations in this case in multiple previous orders and does not repeat them here. (*See, e.g.*, Doc. 62.)  On July 1, 2011, Defendant City of Glendale ("Defendant") filed two Motions for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c): (1) against Plaintiff Robert Parseghian; and (2) against Plaintiffs Tigran Topadzhikyan, John Balian, Robert Parseghian, Benny Simonzad, and Vahak Mardikian. (Doc. 122; Doc. 121.)  The Court finds these matters appropriate for disposition without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for August 8, 2011, at 10:00 a.m. is removed from the calendar.

I.    **Legal Standard**

      A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6); therefore, the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Rule 12(b)(6) allows a defendant to seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal of a complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 10-0387-JST (SSx) | Date:  August 4, 2011 |
| Title:  Tigran Topadzhikyan, et al. v. Glendale Policy Department, et al. | |

for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Judgment on the pleadings is therefore appropriate only "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (citation omitted).

**II.    Discussion**

Defendant appropriately points out that the Honorable Christina A. Snyder previously dismissed Plaintiff Parseghian's Title VII claims for failure to state a claim.  (Doc. 122 at 5; *accord* Doc. 62 at 15.)  Plaintiff Parseghian concedes this issue.  (Doc. 123 at 4.)  Therefore, the Court GRANTS Defendant's Motion for Judgment on the Pleadings on Plaintiff Parseghian's Title VII claims against Defendant.  (Doc. 122.)

Defendant also moves for Judgment on the Pleadings on Plaintiff Parseghian's § 1981 claims against Defendant.  (Doc. 122 at 6.)  Again, Judge Snyder addressed this issue in her prior Order Denying in Part and Granting in Part Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, stating that "plaintiffs have alleged facts [in their Second Amended Complaint] sufficient to state a claim under § 1981 against the City [of Glendale]."  (Doc. 62 at 7.)  This holding is "law of the case" in this action.  *See Arizona v. California*, 460 U.S. 605, 618 (1983).

"As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Id.* (citing 1B J. Moore & T. Currier ¶ 0.404 (1980)).  "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result."  *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).  "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion."  *Id.* (citing *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-0387-JST (SSx)                                                                  Date:  August 4, 2011
Title:  Tigran Topadzhikyan, et al. v. Glendale Policy Department, et al.

Here, Defendant fails to argue whether any of *Alexander*'s five factors should convince this Court to depart from the law of the case.  Accordingly, the Court DENIES Defendant's Motion for Judgment on the Pleadings against Plaintiff Parseghian with regards to Plaintiff Parseghian's § 1981 claims against Defendant.  (Doc. 122.)

Finally, Defendant moves for Judgment on the Pleadings on all Plaintiffs' § 1981 claims against Defendant.  (Doc. 121 at 8.)  For the same reasons as set forth above, the Court concludes that Defendant has proffered no reasons to depart from the law of the case.  Therefore, in keeping with Judge Snyder's previous order (Doc. 62 at 7), the Court DENIES Defendant's Motion for Judgment on the Pleadings Against Plaintiffs Topadzhikyan, Balian, Parseghian, Simonzad, and Mardikian.  (Doc. 121.)

**III.    Conclusion**

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendant's Motion for Judgment on the Pleadings against Plaintiff Parseghian (Doc. 122), and DENIES Defendant's Motion for Judgment on the Pleadings against Plaintiffs Topadzhikyan, Balian, Parseghian, Simonzad, and Mardikian (Doc. 121).

Initials of Preparer:  enm